## SUBURBAN REALTY COMPANY, INC. *v.* HOERNER ET AL.

[No. 174, October Term, 1950.]

*Decided June 15, 1951.*

The cause was argued before MARBURY, C. J., and COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*J. Paul Schmidt,* with whom were *Leonard Weinberg, James C. L. Anderson, Robert L. Mainen* and *Weinberg & Green* on the brief, for the appellant.

*Edward H. Burke,* with whom were *Jenifer & Jenifer* and *Bowie, Burke & Leonard* on the brief, for the appellees.

GRASON, J., delivered the opinion of the Court.

On May 22, 1945, William Hoerner, widower, executed an agreement in writing whereby he agreed to sell to the Suburban Realty Company, Incorporated, thirty-nine acres of land, in Baltimore County, described in

two deeds: (1) dated April 3, 1902, from Henry Laubach, Jr. and wife to William Hoerner and wife, containing 18.9 acres of land, more or less; (2) dated January 4, 1905, from Mary Emmel, et al, to William Hoerner and wife, containing two tracts, one containing 19 acres, more or less, and the other containing 2 acres, 1 rood and 25 square perches of land, more or less. These deeds were duly recorded among the Land Records of Baltimore County. The contract, among other things, provided that the purchase price was to be $16,000.00, of which $1,600.00 had been paid, and that the vendor should have the right to harvest all crops up to December 31, 1945.

On January 14, 1946, William Hoerner, the vendor, died without executing a deed for the property he agreed to sell to the vendee. William left a will which was probated in the Orphans' Court for Baltimore County, and Letters Testamentary were granted to Ross W. Fitch on January 21, 1946. He left surviving him one child, his son Henry, and under the will all of the property which he agreed to sell to the Suburban Realty Company, Incorporated, (appellant) was left in trust to Ross W. Fitch, to pay the income and profit therefrom to William's son Henry, and upon Henry's death the trust ceased and the property remaining in the hands of the trustee vested in certain persons named in the will.

After the execution of the contract, a settlement of the transaction was delayed because of the ill health of the seller, and counsel for the parties arranged for settlement on January 7, 1946, at the office of the Maryland Title Guarantee Company, Baltimore, Maryland. William Hoerner did not appear at that time because of illness, and counsel then arranged for the seller and a representative of the purchaser to have the deed executed at the home of the seller, but he died before this was done.

The original bill of complaint in this case was filed by the appellant on February 7, 1949, and the defendants

are all persons named in the will of William Hoerner, except one, who was then dead. After William's death it was discovered that he did not own all the property he contracted to sell to appellant, but that his son Henry owned a two-ninths interest in the tract secondly described in the deed secondly herein referred to. After this discovery the appellant, through its representatives, alleges that it contacted all of the parties under William's will, then living, either personally or through their counsel, and they were assured that the interest of Henry would be acquired and that all of the property which it agreed to buy and William agreed to sell under the contract of May 22, 1945, would be conveyed to it under the terms of said contract. The bill sets up a number of things the defendants or their counsel told the agents of the appellant which lulled it into inaction and explains their tardiness in bringing the suit. The original bill contains two prayers, one for the specific performance of the contract dated May 22, 1945, and the other for general relief.

It appears from the bill that Henry was dissatisfied with his father's will, and on December 12, 1946, caveated the same, and issues were framed and sent to the Circuit Court for Baltimore County for trial. Henry removed the case to the Superior Court of Baltimore City, and on May 18, 1948, dismissed the same. It is averred by the appellant in its bill that the caveat proceeding instituted by Henry delayed it in taking action, and that its agents were told by the parties named in William's will that after the caveat proceeding was concluded they would get Henry to join with them in deeding all of the property that William agreed to sell to it under the contract aforesaid, at the price named therein.

On July 27, 1948, Henry instituted a proceeding in the Circuit Court for Baltimore County, in Equity, against Ross W. Fitch and all of the parties named in William's will. It seems that Henry claimed all of the property owned by William, under an agreement which he had with his father. In that proceeding there was a

compromise entered into between the parties thereto, which the chancellor approved, and by a decree passed on March 7, 1949, Henry acquired the seven-ninths interest which William owned, and which was included in the aforesaid contract. The other two-ninths interest William did not own was vested in his son Henry.

The original bill of complaint filled seven closely printed pages of the record, to which the defendant demurred. The demurrer was sustained.

On June 10, 1949, the plaintiff filed its amended and supplemental bill, and on the same day a demurrer to it was filed. The demurrer was sustained and an appeal taken to this court and was dismissed. 197 Md. 31, 77 A. 2d 142. The amended and supplemental bill fills fourteen closely printed pages of the record. It repeats all of the matters and things averred in the original bill, and adds seven pages which are devoted to matters and things in explaining its delay in taking action in this case. It contains the same prayers contained in the original bill, and two other prayers, one which is a prayer for partial specific performance, and the other for an award of a monetary decree in favor of the plaintiff against the estate of William Hoerner, his heirs, devisees, executor and trustee, for damages to it resulting from the breach of the aforesaid contract. When the mandate from this court in the first appeal was received by the lower court, a decree was entered dismissing the amended and supplemental bill, and appellant appealed.

It is apparent that the plaintiff was desirous of acquiring all of the property contained in said contract. It knew, according to its allegations in the amended and supplemental bill, that two months after the death of William he did not own the property of Henry, which he agreed to sell to the plaintiff. Nowhere in the bill is it specifically alleged that direct contact with Henry was made by the parties mentioned in William's will, or their counsel. From the whole history of this transaction set up in the amended and supplemental bill, the inference is strong that Henry would not deed his interest to

appellant. We fail to see that there is any reason for the appellant to charge its delay to Henry's caveating his father's will. Two months after William's death on January 14, 1946, appellant knew of Henry's interest in this property, and the original bill was not filed until February 7, 1949. During all that time nothing was done. Apparently the appellant hoped that Henry would sell his interest in the property under the contract. There was no reason to cherish such hope, and surely after the filing of the bill by Henry on July 27, 1948, all hope of the appellant in acquiring all of the property under the contract of sale by William to it was blasted, and yet, it did not file its original bill of complaint until February 7, 1949, more than six months after Henry instituted his bill.

In passing, it might be said that the appellant knew that no effective sale to it of Henry's interest could be effectuated by a layman or an attorney, or anybody else, unless Henry's intention so to do was evidenced by a writing. *Kaufmann v. Adalman,* 186 Md. 639, 47 A. 2d 755.

An application for specific performance is addressed to the discretion of the court, and a decree for such relief is not a matter of right, ex debito justitiae, but rests in the sound discretion of the court. It is never granted unless justice so required; and such relief will not be granted unless the party seeking it comes promptly and as soon as the nature of the case will permit. He cannot call upon the court unless he has shown himself ready and desirous, prompt and eager. *Equity Procedure, Miller,* secs. 656, 661.

In *Doering v. Fields,* 187 Md. 484, 489, 50 A. 2d 553, 554, it is said:

> "The doctrine is fundamental that a party seeking the remedy of specific performance, and also the party who desires to maintain an objection founded upon the other's laches, must show himself to have been 'ready, desirous, prompt, and eager.' * * * If the vendee has not unduly delayed, if the vendor is

not hurt, then the decree will be granted. But if these elements do not appear, the equity court will decline to interfere and will leave the parties to their legal remedies."

It is clear that what the appellant wanted was specific performance of the entire contract and not partial specific performance. Nowhere in the bill is it stated that the plaintiff called on the devisees of William for partial specific performance. It did not specifically pray for that relief from the time of William's death on January 14, 1946, until June 10, 1949, when it filed its amended and supplemental bill, thus delaying nearly three years and six months before it asked for that relief.

In *Morris v. Wilson,* 187 Md. 217, 227, 49 A. 2d 458, 463, it was said:

"In the circumstances of the case at bar we think plaintiffs, by their conduct, had elected to take all the farm or none."

And so we think in this case the plaintiff elected to take all the land mentioned in the contract or none.

We held, in the case of *Vincenti v. Kammer,* 189 Md. 523, 56 A. 2d 688, that the completion of a contract could not be delayed because the purchaser demanded that certain judgments should be satisfied before he took title, and that the purchaser was not ready, desirous, prompt and eager, and refused to perform his contract. We would not grant the purchaser partial specific performance because of his tardiness. From the allegations of the amended and supplemental bill of complaint, the plaintiff was tardy in this case. It appears on the face of the bill. The bill is demurrable. *Clarke v. Brunk,* 189 Md. 353, 55 A. 2d 919.

*Decree affirmed, with costs.*